IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:11-00074-05

FODIE MANDA KOITA

**MEMORANDUM OPINION AND ORDER**

On February 29, 2016, the Court held a hearing on the Motion of Defendant, Fodie Manda Koita to Dismiss Indictment. ECF No. 340. Defendant was indicted on March 2, 2011, on a charge of Conspiracy to Transport, Receive, Possess, Purchase, and Sell Contraband Cigarettes in violation of 18 U.S.C. § 371 (Count One), and two counts of Aiding and Abetting the Transportation, Receipt, Possession, or Purchase of Contraband Cigarettes in violation of 18 U.S.C. §§ 2342(a)[1] and 2 (Counts Thirteen and Sixteen). ECF No. 1. The cigarettes were sold by undercover ATF agents as part of 2010-11 churning investigation referred to as Operation Smokin' Aces.

In his motion, Defendant asserts that the indictment against him must be dismissed because of the findings in an Audit of the Bureau of Alcohol, Tobacco, Firearms and Explosives' Use of Income-Generating, Undercover Operations, conducted by the U.S. Department of Justice, Office of the Inspector General Audit Division (Audit Report 13-36), issued in September 2013.

---

[1]This subsection provides that "[i]t shall be unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco." 18 U.S.C. § 2342(a).

In the Audit, the Office of the Inspector General found the ATF did not comply with its own regulations in conducting churning investigations. ECF No. 340-2.  In addition, the defendant received a letter from an Assistant United States Attorney, informing him that "certification was not obtained for Operation Smokin' Aces as required by Public Law 108-477." *Letter from Meredith George Thomas to Fodie Koita* (Oct. 19, 2015), ECF No. 340-1.  The letter further provided that "Operation Smokin' Aces obtained some cigarettes by purchasing those cigarettes from another ATF operation that was certified under Public Law 108-477." *Id*.  Based upon this information, Defendant asserts that Operation Smokin' Aces was an illegal churning operation. Defendant specifically argues that, because the ATF bought untaxed cigarettes from another ATF operation to use during Operation Smokin' Aces, the ATF bought and sold "contraband" cigarettes itself in violation of 18 U.S.C. § 2342(a) and, thus, he should not be prosecuted.   Otherwise, if the cigarettes were not subject to taxation, they would not constitute contraband and no crime was committed.

In *U.S. v. Hasan*, 718 F.3d 338 (4th Cir. 2013), the Fourth Circuit held that "when unstamped cigarettes are in the possession of federal agents (in the course of their official duties) the cigarettes are not 'contraband' as a matter of law." 718 F.3d at 344.   Thus, "the subsequent distribution through undercover sales to cigarette traffickers is not a distribution of contraband cigarettes by agents." *Id*.   The cigarettes only become contraband when they are possessed by someone who is not exempted from the statute to have them.[2]   In addition, "the mere fact that ATF sold untaxed cigarettes does not render their investigation outrageous." *Id*.

---

[2]*See* 18 U.S.C. § 2341(2)(D) which provides:

2

Although in this case the Audit found the ATF was not in compliance with its internal policies and the ATF purchased untaxed cigarettes for Operation Smokin' Aces from a different ATF operation, the Court finds this conduct does not impact the charge or evidence against Defendant. There is simply nothing about the deficiencies raised by Defendant that inure to his benefit or that are sufficient to warrant dismissal of the indictment against him. Likewise, these activities do not constitute outrageous conduct on the part of the ATF, show evidence of entrapment, or otherwise rise to the level of a Constitutional violation warranting dismissal of the indictment. Accordingly, for these reasons, and for the reasons stated on the record, the Court **DENIES** Defendant's motion. ECF No. 340.

---

> the term "contraband cigarettes" means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes, and which are in the possession of any person other than—
>
> \*       \*       \*
>
> (D) an officer, employee, or other agent of the United States or a State, or any department, agency, or instrumentality of the United States or a State (including any political subdivision of a State) having possession of such cigarettes in connection with the performance of official duties[.]

18 U.S.C. § 2341(2)(D).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	March 1, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE